IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FM1,<br><br>    Plaintiff,<br><br>    vs.<br><br>MARINA AGUIRAN BADUA; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants.<br>_____ | CIVIL NO. 12-00412 SOM-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT
<u>COURT OF THE FIRST CIRCUIT, STATE OF HAWAII</u>

Before the Court is Plaintiff Wells Fargo's ("Plaintiff") Motion to Remand Action Removed from the Circuit Court of the First Circuit, State of Hawaii ("Motion"), filed August 22, 2012.  On September 26, 2012, Defendant Marina Badua ("Defendant") filed an Opposition.  Plaintiff filed a Reply on October 3, 2012.

This matter came on for hearing on October 10, 2012.  Charles Prather, Esq., appeared on behalf of Plaintiff and Robin Horner, Esq., appeared on behalf of Defendant.  After careful consideration of the Motion, the supporting and opposing memoranda, the arguments of counsel, and the applicable law, the Court HEREBY RECOMMENDS that the district court GRANT Plaintiff's Motion for the reasons set forth below.

## BACKGROUND

On June 28, 2012, Plaintiff filed a Complaint for Foreclosure in the Circuit Court of the First Circuit, State of Hawaii.

On July 23, 2012, Defendant filed a Notice of Removal ("Notice").  The instant Motion followed.

## DISCUSSION

Plaintiff seeks remand of this action based on the following:  Defendant is a citizen of Hawaii and the Complaint does not raise federal issues.  Defendant asks that the Court allow removal because Plaintiff has denied her of her due process rights, the amount in

controversy exceeds $75,000, and Plaintiff's violation of federal laws is at issue.[1]

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may**

---

[1]  Defendant did not address Plaintiff's primary contention that Defendant, as a citizen of Hawaii, cannot remove the action pursuant to 28 U.S.C. § 1441(b)(2).  Even the Court identified the narrow issue before it - whether Defendant is a citizen of Hawaii.  Doc. No. 12.

3

> **not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**.

28 U.S.C. § 1441 (a), (b) (emphasis added).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Significantly, in the Notice, Defendant alleges that she "is a citizen of Hawaii arising out of the administration of this removal case."  Notice at ¶ 5.  Defendant further alleges that Plaintiff is not a citizen of Hawaii, and the amount in controversy exceeds $75,000.00.  Id. at ¶¶ 3-4.  Federal district courts have original jurisdiction over cases between citizens of different states.  See 28 U.S.C. § 1332(a).

4

A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See id. § 1441(b). Thus, a United States district court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states. See id. § 1332(a)(1). Federal removal jurisdiction on the basis of diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of Amer., 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

In the instant case, Defendant's allegation of Hawaii citizenship, when coupled with the fact that Plaintiff commenced this action in Hawaii state court, precludes removal. As the Court already mentioned, § 1441(b) explicitly provides that actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen

5

of the state in which the action is brought.  See 28 U.S.C. § 1441(b).  Consequently, the Court finds that the Notice fails to establish a proper basis for removal.  Insofar as jurisdiction is lacking, this Court recommends that the district court remand the case to the First Circuit Court, State of Hawaii.  See 28 U.S.C. § 1447(c).

To the extent that removal in this case may be premised on federal question jurisdiction,[2] removal is nevertheless improper.  "A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted).  That is, "[t]he federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition

---

[2] In the Notice, Defendant states that she alleges a federal question.  Notice at ¶ 11.  In her Opposition, Defendant indicates that she will be filing a counterclaim alleging violations of her Constitutional rights and discrimination.  To date, she has not done so.

6

for removal.'"  Id. at 822 (citation omitted).  A counter-claim presenting a federal question does not create removability.  Id.  Here, the Complaint only contains a state law foreclosure claim, and Defendant acknowledges as much.  Opp'n at 2.  Consequently, even if Defendant alleges federal claims in her counter-claim, removal jurisdiction does not and cannot exist.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion, and remand this action to the First Circuit Court, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 10, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

WELLS FARGO V. BADUA, ET AL., CV 12-00412 SOM-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII